UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

NICO PLOWDEN,

                          Petitioner,

        - versus -

DONALD ROMAINE,
Warden,

                          Respondent.

ORDER

99-CV-3752

JOHN GLEESON, United States District Judge:

        Nico Plowden was convicted in New York Supreme Court in 1995 of murder in the second degree. In 1999, Plowden brought a petition in this court pursuant to 28 U.S.C. § 2254 challenging that conviction. I dismissed his petition as untimely. *See Plowden v. Romine*, 78 F. Supp. 2d 115 (E.D.N.Y. 1999). Plowden, by a pro se filing on April 2, 2014, has now moved under Federal Rule of Civil Procedure 60(b) for relief from that previous judgment on the ground that he is actually innocent, which (he argues) would permit him to bypass the statute of limitations bar that I found dispositive fifteen years ago.

        As an initial matter, Plowden is correct that a credible showing of actual innocence may permit a habeas petitioner to overcome various procedural hurdles, including – as recently clarified by the Supreme Court – AEDPA's one-year statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the standard is demanding. Plowden must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *see also House v. Bell*, 547 U.S. 518, 538 (2006) ("[T]he *Schlup* standard is demanding and permits

review only in the extraordinary case.") (internal quotation marks omitted). The new evidence Plowden offers does not meet that standard.

Plowden's Rule 60(b) motion is therefore denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 3, 2014
       Brooklyn, New York